TotteN, J.,
delivered the opinion of the court.
At the May Term, 1852, of the circuit court of Campbell, James M. Marshall produced a formal certificate of his election as clerk of said court, and also proper official bonds with sureties, and moved the court to induct him into said office. 'Whereon George W. Kerns, the incumbent in said office, and late a candidate for re-appointment in the election by the people, moved the court for leave to defend and resist the said motion, and it was granted to him.
The certificate of the Coroner acting as Sheriff, states, “that at an election held at the several district election grounds in my county, on the sixth day of March, 1852, according to law, James M. Marshall was duly elected to the office of circuit court clerk. ” And he states the vote: — James M. Marshall 199, and George M. Kerns 196; there being a majority of three votes for Marshall.
It was proved by witnesses that the election was not held in the fourth civil district of said county. The officer appointed to hold it failed and neglected to attend at the place of voting. There were some fifty or sixty voters resident in that district, and some twenty of them attended on the day at the place of voting. The coroner had notice before his return, that the election was not held in this district. It was a case of wilful omission on the part of the deputy appointed to *70 bold it, but we are not prepared to say that tbe neglect was for any ' fraudulent design to favor either of tlie candidates. Tbe proposed new county of Union was to include this district, and it was apprehended by tbe officer, that if tbe election were held in tbe district it might -prejudice tbe efforts that were then being made to establish tbe new county by a vote of tbe people. Tbe proposed new county has never bad a legal existence.
His honor, tbe Judge, held tbe election as void, and refused to induct tbe plaintiff into said office. Whereon tbe plaintiff has appealed to this Court.
We may premise, that each county in tbe State is laid off into “districts of convenient size.” (Con., Art. vi., § 15,) in which places are designated for bolding all popular elections; 1835, cb. 1, § 4. These districts, into which tbe whole State is divided, are justly considered a very important feature in our system and policy. Tbe people being thus divided into small communities, and having in each an organization of their own, are tbe better able to carry out their policy of self-government, as regards both its smallest and greatest interests. Tbe civil' district system is of special value in a popular point of view, as it enables every citizen, freely and conveniently, to exercise bis elective franchise, as it were at home in bis own little community. In view of this policy, it is made tbe imperative duty of tbe Sheriff “to open and hold all popular elections at tbe places designated” in each civil district. 1835, cb. 2.
Now tbe present election was not held in one of tbe civil districts. This was an injury to tbe people of that district, who were thus defrauded of their lawful right to vote in tbe election of their clerk. Nor can *71 it be said that tbe election was legally beld, as tbe law required it to be beld in every civil district.
Tbe people of an important division of tbe county being thus deprived of their privilege of voting, tbe officer’s return is no reliable evidence that tbe person returned as elected was tbe choice of tbe people in tbe county. If tbe election bad been beld in this omitted district, tbe result might have been different. To bold tbe election valid, would be of dangerous tendency; for, if one district may be omitted, more than one may be omitted, and tbe election be placed very much in tbe power of tbe officer.
We do not think tbe motive of tbe officer material to tbe question. Tbe injury to tbe public is tbe same, whether tbe omitted duty be tbe result of corrupt motives or of mere negligence. In either case tbe public has been deprived of an important and highly valued right.
We rest tbe case simply upon tbe ground that the election was not legally beld, because not beld in all tbe civil districts of tbe county. The people of tbe county are tbe appointing power; and tbe power not being legally exercised, not fully exercised, tbe plaintiff is not, in fact, or in legal effect, appointed to tbe office.
Tbe Sheriff’s return is jprima facie evidence of tbe election. But certainly it was competent to. falsify it, by tbe truth of witnesses, as was done in tbe present case.
We see no reason why the present incumbent, or other citizen of tbe county interested as a citizen in tbe appointment, might not be permitted to offer legal opposition to a false and void'election. And.such fact *72 appearing to tbe Judge, be should deem it his duty to refuse to qualify and induct the pretender to the office.
Affirm the judgment.